HAYWOOD BARNHILL v. RICHARD HARDEE AND WIFE.

(Filed 28 September, 1921.)

**Deeds and Conveyances—Boundaries—Evidence—General Reputation.**

Where the location of the boundary line between adjoining owners of land is in controversy, in an action of trespass involving title, and it appears from the call in one of the deeds, from a common source, that it is a certain distance from a certain street, calling in question the width of the street, it is competent to show the general reputation of the width of the street by a witness who has known it for thirty years, commencing at a time before any question relating to it was in controversy, or any of the land was owned by the parties to the action.

APPEAL from *Devin, J.,* at May Term, 1921, of PITT.

From verdict and judgment in favor of plaintiff, defendants appealed.

*Julius Brown and F. G. James & Son for plaintiff.*
*F. C. Harding and L. W. Gaylord for defendants.*

CLARK, C. J. This is an action for trespass which turns upon the location of the dividing line of the adjoining lots of the parties in Greenville. Both claim under the same title. The plaintiff's deed, from W. A. Taylor in 1907, describes his boundaries as follows: "Beginning at the corner of Read and Second streets and running south with Read street 30 feet, thence an easterly course parallel with Second street 59 feet to the line of Miles Grimes, thence with the line of Miles in a northerly direction 30 feet to Second street, thence in a westerly direction to the beginning, being a part of lot No. 148 in the plan of the town of Greenville." The description in defendants' deed, executed by W. A. Taylor in 1914, is: "Known as a part of lot No. 148 in the town of Greenville, beginning on the east side of Read street at a point 30 feet south of the intersection of Read and Second streets, it being the southwest corner

of the lot which was conveyed to Haywood Barnhill by said W. A. Taylor and wife and running from thence with Read street south 41 feet, thence east at right angles with Read street 59 feet, thence a northerly direction parallel with Read street 41 feet to line of the lot now or formerly owned by Haywood Barnhill, thence a westerly direction *with the line of the said Haywood Barnhill lot* 59 feet to the beginning."

It will thus be seen that the controversy depends upon the location of the corner of Read and Second streets. The southern line of the plaintiff is described as "beginning 30 feet" from that corner and running east 59 feet, and the northern line of the defendant calls for the southern line of the plaintiff's lot.

If the corner on Second street is where the plaintiff claims, then the defendant has trespassed upon 7 feet of the plaintiff's lot eastwardly 59 feet, and the jury has found in accordance with the plaintiff's contention. There is but one exception which requires our consideration.

S. T. Hooker testified that he has lived in the town of Greenville fifty years, knows the reputation of the size of the blocks, and the width of the streets in said town; that his knowledge of this general reputation extends back thirty or thirty-five years; that he has no knowledge of the width of Second street, except from general reputation; that by the general reputation as to the width of Second street, running back as far as thirty years, the width of Second street is 49½ feet. He says that the streets of Greenville are of different widths; that he does not know the actual width of Second street below or east of Read street; that he never heard a question raised as to the width of Second street; that he lived on the corner of Second street. The judge permitted the witness to state, as above, the general reputation that the width of Second street was 49½ feet, and defendant excepted.

We think the evidence of the general reputation, thirty or thirty-five years old as to the width of the street was competent under the rule laid down by this Court in *Threadgill v. Wadesboro,* 170 N. C., 641; *Sullivan v. Blount,* 165 N. C., 7; *Bland v. Beasley,* 140 N. C., 628. He testified as to the general reputation which began long before this litigation, and before either of the parties owned any of the land in controversy.

No error.